

**Entered on Docket
May 26, 2010**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**

**WILDE & ASSOCIATES**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787
and
MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Bank of America, NA
10-70736

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In Re: | Bk Case No.: 09-10674-lbr |
|---|---|
| Calvin L. Oldham | Date: 5/12/2010<br>Time: 10:30 am |
| | Chapter 13 |
| Debtor | |

## ORDER VACATING AUTOMATIC STAY

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceedings is immediately vacated and extinguished for all purposes as to Secured Creditor Bank of America, NA, its assignees and/or successors in interest, of the subject property, generally described as 22522 102 Hwy, Tecumseh, OK 74873.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtor at least seven business days' notice of the time, place and date of sale.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Secured Creditor hereby withdraws its secured Proof of Claim filed in this matter. The Secured Creditor shall notify the Trustee of the completion of the foreclosure sale. If applicable, Secured Creditor may thereafter amend its secured Proof of Claim to an unsecured Proof of Claim no later than forty-five (45) days after the foreclosure sale.

Submitted by:

WILDE & ASSOCIATES

By: /s/ Gregory L. Wilde, Esq
Gregory L. Wilde, Esq.
Attorney for Secured Creditor

**APPROVED / DISAPPROVED**

By:_____
Haines & Krieger
Attorney for Debtor(s)

**APPROVED / DISAPPROVED**

By:_____
Rick A. Yarnall
Chapter 13 Trustee

In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):
\_\_\_\_ The court waived the requirements of LR 9021.
\_\_\_\_ No parties appeared or filed written objections, and there is no trustee appointed in the case.
\_\_\_\_ No parties appeared or filed written objections, and the trustee is the movant.
\_x\_ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Debtor's counsel:
\_\_\_\_ approved the form of this order      \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or   \_x\_ failed to respond to the document
\_\_\_\_ appeared at the hearing, waived the right to review the order
\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
\_\_\_\_ approved the form of this order      \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or   \_x\_ failed to respond to the document

\_\_\_\_ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Debtor's counsel:
\_\_\_\_ approved the form of this order      \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or   \_\_\_\_ failed to respond to the document
\_\_\_\_ appeared at the hearing, waived the right to review the order
\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:
\_\_\_\_ approved the form of this order      \_\_\_\_ disapproved the form of this order
\_\_\_\_ waived the right to review the order and/or   \_\_\_\_ failed to respond to the document

\_\_\_\_ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objection.

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor